Eugene Feldman, Esq. (SBN 118497)
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168
eugene@aswtlawyers.com

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., an individual, by and through his next friend TRACEY JOFFE,<br><br>Plaintiff,<br><br>v.<br><br>PLB MANAGEMENT LLC doing business as PARK LA BREA MANAGEMENT, LA PARK LA BREA A LLC, LA PARK LA BREA B LLC, LA PARK LA BREA C LLC, APARTMENT INVESTMENT AND MANAGEMENT COMPANY and DOES 1 - 10, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-3275<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF**<br><br>1. **Fair Housing Act (42 U.S.C. § 3601)**<br>2. **Civil Code §54.1**<br>3. **Negligence** |

Page 1
**COMPLAINT**

Plaintiff C.R. hereby alleges the following facts and submits the following claims for relief:

1. This action arises out of negligent and discriminatory acts and practices by Defendants PLB MANAGEMENT LLC doing business as PARK LA BREA MANAGEMENT, LA PARK LA BREA A LLC, LA PARK LA BREA B LLC, LA PARK LA BREA C LLC, APARTMENT INVESTMENT AND MANAGEMENT COMPANY the lessors, owners and operators of a residential apartment complex, in violation of federal and California fair housing statutes designed to protect the rights of individuals with disabilities.

2. C.R., who at all relevant times has had the neurological condition of Autism, seeks relief from Defendants for their violation of his rights secured by the Fair Housing Act, California Civil Code §12955, Civil Code §54.1 and common law negligence.

3. As alleged herein, C.R. was denied the full use and enjoyment of Defendants' Park La Brea apartment complex due to their failure to provide reasonable accommodations to C.R. as set forth below.

4. Defendants' failures to treat C.R. on an equal basis as other tenants without disabilities caused him significant emotional distress, including humiliation and frustration.

5. For Defendants' violations of law, C.R. seeks declaratory and injunctive relief, damages, and attorneys' fees costs.

## JURISDICTION AND VENUE

6. This action arises in part under the Fair Housing Act (42 U.S.C. § 3601 *et seq.*) ("FHA"). This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), and has jurisdiction over the claims for declaratory relief pursuant to 28 U.S.C. §§

2201 and 2202.

7. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b), as Defendant's apartment complex is located in the Central District and all of the acts and/or omissions alleged herein occurred in this district.

## PARTIES

8. Plaintiff C.R. is an individual who at all relevant times has been a resident of the City of Los Angeles, State of California. C.R. is a minor age 12 who has been diagnosed and receiving treatment for Autism Spectrum Disorder "ASD", as well as OCD "Obsessive Compulsive Disorder", and General Anxiety Disorder. ASD affects his neurological system and/or special sense organs that substantially limit a major life activity, including hearing and his cognitive thought process. These disabilities limit the distance he is able to safely ambulate. He is also particularly sensitive to loud noises, which cause him acute distress. C.R. is a "person with a disability" as that term is defined in 42 U.S.C. § 3601 et. seq. and California Government Code § 12926.

9. C.R. brings this lawsuit by and through his mother, guardian ad litem and next friend Tracey Joffe.

10. Plaintiff is informed and believes and based thereon alleges that Defendant PLB Management LLC, doing business as Park La Brea Management is a California limited liability corporation. At all relevant times, PLB Management has owned and operated the Park La Brea apartment complex located at 6200 Third Street Los Angeles, California. Included in the Park La Brea complex is apartment 29-11. This unit has been leased to Tracey Joffe and occupied by C.R. and his mother since on or about March 19, 2014.

11. Plaintiff is informed and believes and based thereon alleges Defendant LA Park La Brea A is a California limited liability corporation which owns, operates, manages and/or leases the Park La Brea apartment complex

where plaintiff resides.

12. Plaintiff is informed and believes and based thereon alleges, Defendant LA Park La Brea B is a California limited liability corporation which owns, operates, manages and/or leases the Park La Brea apartment complex where plaintiff resides.

13. Plaintiff is informed and believes and based thereon alleges Defendant LA Park La Brea C is a California limited liability corporation which owns, operates, manages and/or leases the Park La Brea apartment complex where plaintiff resides.

14. Plaintiff is informed and believes and based thereon alleges Defendant Apartment Investment and Management Company, hereafter "AIMCO" is an entity that owns or controls a majority interest in defendants Park LA Brea A, LA Park La Brea B and LA Park La Brea C.

15. The Park La Brea apartment complex constitutes a housing accommodation, which is available for rent to members of the public. The complex has approximately 4,200 units and is one of the largest residential housing complexes in the western part of the United States.

16. The owners, lessors, managers and operators of Park La Brea are subject to the Fair Housing Act and Disabled Persons Act (Cal. Civil Code § 54.1). Each of these statutes respectively prohibits discrimination based on disability, among other classes.

17. Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities, whether individual, corporate, partnership, associate or otherwise, are unknown to the Plaintiff who therefore sues these Defendants by such fictitious names. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities.

/ / /

**COMPLAINT**

18. Plaintiff is informed and believe, and based thereon alleges that each of the Defendants named in this Complaint, including Does 1 through 10, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages alleged herein.

19. Plaintiff is informed and believes, and based thereon alleges that each of the Defendants named in this Complaint, including Does 1 through 10, inclusive, acted in concert with respect to the acts and omissions alleged herein. Defendants and each of them represented a united body, so that the actions of one Defendant were accomplished in concert with, and with knowledge, ratification, authorization, and approval of each of the other Defendants.

20. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named in this complaint, including Does 1 through 10, inclusive, is and at all times mentioned herein was, the agent, servant and/or employee of each of the other Defendants and that each Defendant was acting within the course and scope of his, her or its authority as the agent, servant and/or employee of each of the other Defendants. Consequently, all of the Defendants are jointly and severally liable to the Plaintiff for the damages sustained as a proximate result of their conduct.

21. At all times set forth herein, the acts and omissions of each Defendant caused, led, and/or contributed to the various acts and omissions of each and all of the other Defendants, legally causing Plaintiff's injuries and damages as alleged.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22. Tenants at Park La Brea are provided first come first served unassigned parking as one of the benefits and privileges of living at the complex. Assigned parking is available for a rental fee but would require C.R. to traverse a greater distance than an unassigned parking space in front of his unit. Due to

C.R.'s physical impairment, traversing the additional distance from the area with assigned parking space to unit 29-11 is a hardship causing pain, discomfort and threatens his safety.

23. On or about December 17, 2019, Ms. Joffe submitted to PLB management via email, a request for assignment to the parking space in front of plaintiff's unit. Assignment to this parking space was based on its proximity to his unit and the safety of the location for offloading. This request for parking space reassignment was made as a reasonable accommodation for C.R.'s disabilities. Attached as **Exhibit A,** is a photograph of the requested parking space, which was taken from plaintiff's apartment.

24. Despite repeated requests from Ms. Joffe, defendants have failed and refused to provide this parking accommodation or to respond in a timely manner.

25. Defendants began allowing its own security guards and other personnel exclusive use the requested space to prevent Ms. Joffe from parking there.

26. Plaintiff is informed and believes and alleges thereon, that at all times herein relevant since December 17, 2019, defendants maintained a list or schedule for units at Park La Brea to install new insulated windows. Tenants whose windows were being replaced were not charged for the cost of the windows or the installation. Upon installation, the new windows substantially reduce the ambient noise level from the outside.

27. Park La Brea is located near several streets with a heavy volume of traffic and noise. These streets include Wilshire Blvd., La Brea Avenue and Fairfax Avenue. It is also in close proximity to tourist attractions such as the Los Angeles Museum of Art (now undergoing major construction) and the La Brea Tar Pits. Since Plaintiff moved into his apartment, the traffic and noise has increased substantially. This is also true in front of his apartment.

/ / /

28. Beginning on November 22, 2019, plaintiff has requested in writing via email that defendants elevate or prioritize him on the schedule for window replacement at his unit. This request was made as a reasonable accommodation to C.R.'s noise sensitivity. Plaintiff notified defendants that this accommodation was made on behalf of C.R. due to his disabilities.

29. Defendants have failed and refused to grant plaintiff's requested accommodation with respect to expedited scheduling for window replacement at his unit.

30. Since December 17, 2019, plaintiff has requested that defendant's repair an entry gate to the complex near his unit. The gate bangs loudly. Defendants have insisted that the gate is not broken.

31. Plaintiff has filed a complaint with the California Department of Fair Employment and Housing against defendants alleging discrimination based on his disability.

32. On or about December 2020, defendants made a belated offer to relocate C.R. and his mother to a different unit within the complex. This accommodation is untimely, coming almost one year after Plaintiff's initial request. It is also ineffective as an accommodation to C.R. Relocation to a different unit would be traumatic to C.R. because he has severe Autism. C.R. experiences tremendous upset when his routines are interrupted and he must orient himself to a new location.

33. Plaintiff has rejected defendants' offer to relocate to a different unit.

/ / /

/ / /

/ / /

COMPLAINT

# FIRST CLAIM FOR RELIEF

## Fair Housing Act

## (42 U.S.C. §§ 3601 *et seq.*)

## Plaintiff C.R.

## Against All Defendants

34. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

35. Unlawful discrimination subject to Section 3604(f)(3)(B) of the Fair Housing Amendments includes a housing provider's "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling."

36. C.R. is a member of a protected class, as a tenant with the disability of ASD, subject to the jurisdiction of 42 U.S.C. §3602(h).

37. Plaintiff has repeatedly put defendants on notice that C.R. is disabled with ASD and physical disabilities, which require reasonable accommodations for the equal use and enjoyment of the premises. The requested accommodations include: a) modification of the rules and regulations regarding parking to allow plaintiff to park in an unassigned space in front of her unit; b) prioritizing plaintiff's unit on an existing list of housing units to receive replacement windows with enhanced soundproofing at no cost.

38. Each of the above requested accommodations was reasonable and necessary to provide C.R. the equal use and enjoyment of the leased premises. Plaintiff is informed and believes and alleges thereon, that allowing Plaintiff to be assigned the parking space in front of his unit would not be an undue hardship on defendants. Other than the cost of signage, there is no cost for this accommodation. Similarly, simply posting a sign that the space is reserved poses

no administrative burden.

39. Plaintiff is informed and believes and alleges thereon, that prioritizing plaintiff on the existing list for window replacement was and is feasible. This accommodation imposed no cost or administrative burden to the defendants. Plaintiff is further informed and believes that the cost of gate repair was reasonable given the financial resources of the owners of this vast complex of 4,200 units.

40. Defendants have failed and refused to act in a timely manner, engage in good faith in the interactive process and make reasonable accommodations requested by plaintiff or provide similarly effective accommodations.

41. Defendants' failure and refusal to make reasonable and necessary accommodations as requested has caused plaintiff upset, emotional distress, pain, injury and discomfort.

42. In seeking reasonable accommodations on behalf of C.R., including requesting assignment to the parking space in front of his unit, Tracey Joffe has engaged in protected activity.

43. Defendants have engaged in retaliatory behavior against Ms. Joffe for her advocacy in seeking reasonable accommodation for C.R. Defendants have threatened to tow Ms. Joffe's vehicle, which she uses to transport C.R. for medical appointments.

44. Pursuant to the facts alleged herein, Plaintiff is entitled to monetary and punitive damages in a sum according to proof.

45. Plaintiff is entitled to declaratory and injunctive relief to remedy the violations that are continuing in nature, as well as reasonable attorneys' fees and costs in filing this action, pursuant to 42 U.S.C. § 3613(c) (2).

/ / /

/ / /

# SECOND CLAIM FOR RELIEF

## California Disabled Persons Act

### (Cal. Civ. Code § 54 *et seq.*)

### By Plaintiff C.R.

### Against All Defendants

46. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

47. California Civil Code 54.1 provides in pertinent part with respect to housing: "(b)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons. (2) "Housing accommodations" means any real property, or portion of real property, that is used or occupied, or is intended, arranged, or designed to be used or occupied, as the home, residence, or sleeping place of one or more human beings, but shall not include any accommodations included within subdivision (a) or any single-family residence the occupants of which rent, lease, or furnish for compensation not more than one room in the residence.(3)(A) A person renting, leasing, or otherwise providing real property for compensation shall not refuse to permit an individual with a disability, at that person's expense, to make reasonable modifications of the existing rented premises if the modifications are necessary to afford the person full enjoyment of the premises. However, any modifications under this paragraph may be conditioned on the disabled tenant entering into an agreement to restore the interior of the premises to the condition existing before the modifications. No additional security may be required on account of an election to make modifications to the rented premises under this paragraph, but the lessor and

tenant may negotiate, as part of the agreement to restore the premises, a provision requiring the disabled tenant to pay an amount into an escrow account, not to exceed a reasonable estimate of the cost of restoring the premises.(B) A person renting, leasing, or otherwise providing real property for compensation shall not refuse to make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises."

48. C.R. is a disabled tenant with ASD. C.R. needed and still needs the accommodations set forth in this complaint in order to have the full and equal enjoyment of the leased premises.

49. Tracey Joffe has requested reasonable accommodations on behalf of C.R.

50. Defendants have failed and refused to provide the reasonable accommodations requested for C.R.

51. In failing and refusing to make reasonable and necessary accommodations as alleged above, defendants have discriminated against plaintiff.

52. Plaintiff has sustained upset, emotional distress and discomfort as a result of defendants' failure to provide him reasonable accommodations in a sum according to proof.

53. Pursuant to Civil Code § 54.3(a), Plaintiff is entitled up to three times his actual damages as may be determined by a jury, as well as reasonable attorneys' fees and costs in filing this action. Plaintiff expressly does <u>not</u> seek declaratory nor injunctive relief pursuant to the Disabled Persons Act and Civil Code § 55.

/ / /

/ / /

## THIRD CLAIM FOR RELIEF

### Negligence and Negligence Per Se

### By Plaintiff C.R.

### Against All Defendants

54. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

55. At all relevant times, Defendants owed Plaintiff a duty of due care.

56. Defendants breached their duty of due care to Plaintiff by the acts and omissions alleged herein.

57. By their acts and omissions as alleged herein, Defendants violated state and federal statutes and regulations, including but not limited to the Fair Housing Act, and the Disabled Persons Act.

58. Defendants' violations of law proximately caused, and were a substantial factor in causing, Plaintiff's damages as alleged herein. Such damages were reasonably foreseeable to Defendants.

59. Plaintiff's damages resulted from an occurrence the nature of which the violated statutes and regulations were designed to prevent.

60. At all relevant times, Plaintiff has belonged to the class of persons for whose protection the statutes and regulations were adopted.

61. Plaintiff is entitled to an award of damages in an amount according to proof as a result of Defendants' conduct alleged herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

1. A declaration that Defendants' conduct as alleged herein violated the Fair Housing Act and the Disabled Persons Act;

2. For injunctive relief requiring Defendants to comply with the

provisions of the Fair Housing Act 42 U.S.C. § 3613 (c)(1);

3. For compensatory damages, as permitted by law and according to proof at trial;

4. Interest on compensatory damages at the legal rate from the date of injury, pursuant to California Civil Code § 3291;

5. Exemplary damages both punitive and statutory;

6. Attorneys' fees and costs of this suit pursuant to 42 U.S.C. § 3613 (c)(2), California Civil Code § 54.3(a), and California Government Code § 1021.5; and

7. Such other relief as the court finds just and proper.

Dated: April 13, 2021      **ARIAS SANGUINETTI WANG & TORRIJOS LLP**

By: _____*s/Eugene Feldman*_____
      EUGENE FELDMAN

Attorneys for Plaintiff

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: April 13, 2021

**ARIAS SANGUINETTI WANG & TORRIJOS LLP**

By: _s/Eugene Feldman_
EUGENE FELDMAN

Attorneys for Plaintiff

**COMPLAINT**

# EXHIBIT A

