O

# United States District Court
# Central District of California

| | |
|---|---|
| C.R., an individual, by and through his next friend TRACEY JOFFE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PLB MANAGEMENT LLC doing business as PARK LA BREA MANAGEMENT, LA PARK LA BREA A LLC, LA PARK LA BREA B LLC, LA PARK LA BREA C LLC, APARTMENT INVESTMENT AND MANAGEMENT COMPANY, and DOES 1–10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:21-cv-03275-ODW (JEMx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT [28]** |

## I.   INTRODUCTION

Defendants PLB Management LLC, LA Park La Brea A LLC, LA Park La Brea B LLC, LA Park La Brea C LLC, and Apartment Investment and Management Company ("Defendants") move to set aside entry of their default. (Mot. to Set Aside

Default ("Motion" or "Mot."), ECF No. 28.) For the reasons discussed below, the Court **GRANTS** Defendants' Motion.[1]

## II. BACKGROUND

On April 15, 2021, Plaintiff C.R., an individual, by and through his next friend Tracey Joffee, initiated this action against Defendants for negligence and violation of the Fair Housing Act (42 U.S.C. § 3601) and the California Disabled Persons Act (California Civil Code section 54.1), both of which are designed to protect the rights of individuals with disabilities. (Compl. ¶ 1, ECF No. 1.) C.R. is a minor diagnosed with and receiving treatment for Autism Spectrum Disorder, Obsessive Compulsive Disorder, and General Anxiety Disorder. (*Id.* ¶ 8.) C.R. alleges that Defendants engaged in negligent and discriminatory acts that deprived him of the full use and enjoyment of Defendants' apartment complex and caused him significant emotional distress. (*Id.* ¶¶ 3, 4.)

C.R. served Defendants with copies of the Summons and Complaint on April 19, 2021. (*See* Proofs of Service, ECF Nos. 10–11, 13–14, 16.) Defendants had until May 10, 2021, to respond to the Complaint, *see* Fed. R. Civ. P. 12, but failed to file a response in that time. Thus, C.R. requested that the Clerk enter default, which the Clerk entered on May 17, 2021. (*See* Appl. for Entry of Default, ECF No. 19; Default, ECF No. 21.) The next day, Defendants filed an Answer, which was stricken as untimely. (Answer, ECF No. 23; Min. Order, ECF No. 27.) The Court advised Defendants that they must first move to set aside the entry of default before they may appear and defend in this action. (Min. Order.) On June 1, 2021, Defendants moved to set aside the entry of default. (*See* Mot.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) authorizes a court to "set aside the entry of default" for "good cause." District courts look at the following three "*Falk* factors"

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

when deciding whether good cause exists to set aside the entry of default: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). "Where timely relief is sought from a default . . . , doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wight Vineyards Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) (alterations in original). Courts must also keep in mind that default judgments are "appropriate only in extreme circumstances" and cases should be decided on the merits whenever possible. *Falk*, 739 F.2d at 463.

### IV.  DISCUSSION

The Court addresses the three *Falk* factors to determine whether there is good cause to set aside default. The *Falk* factors are disjunctive in nature; thus, the Court need only find good cause shown based on one of the *Falk* factors to set aside default. *See Brandt* 653 F.3d at 1111 ("[A]lthough a district court should consider the *Falk* factors in ruling on a motion to set aside default judgment, the district court [is] free to deny [relief] if any of the three factors [is] true." *Id.* (quoting *Franchise Holding II, LLC v. Huntington Rest. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004)) (some alterations in original) (internal quotation marks omitted).

The first factor requires the Court to consider whether setting aside default will prejudice C.R. *See id.* "To be prejudicial, the setting aside of a [default] . . . must result in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). Here, Defendants filed their Answer on May 18, 2021, eight days after the May 10, 2021 deadline to respond and one day after default was entered. This case is in its early stages and eight days is a relatively short period of time. Further, there are no facts demonstrating that C.R. will be prejudiced by setting aside the default—C.R. will not suffer any harm greater than this minor delay and having to litigate the case on the merits. *See id.* ("[M]erely being forced to litigate

on the merits cannot be considered prejudicial for purposes of lifting a default judgment."). Thus, the first *Falk* factor weighs in favor of setting aside entry of default.

Turning to the third *Falk* factor, the Court considers whether Defendants' culpability led to the entry of default. *See Brandt*, 653 F.3d at 1111. "[A] defendant's conduct is culpable if [the defendant has] received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Grp. Life*, 244 F.3d at 697 (emphasis omitted). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010).

C.R. initially filed this claim with the United States Department of Housing and Urban Development ("HUD") and California Department of Fair Employment and Housing ("DFEH"), which prompted an investigation. (Mot. 1; Decl. of Gregory F. Hurley ("Hurley Decl.") ¶ 3, ECF No. 28-2.) Counsel for Defendants represented Defendants in that investigation and "engaged in a conciliation managed by DFEH with the Plaintiff." (Hurley Decl. ¶ 3.) Although Defendants received service for the instant suit, counsel for Defendants mistakenly "assumed Plaintiff did not intend[] to proceed with this suit" because Plaintiff's claims with HUD and DFEH had been dismissed. (*Id.*) Upon learning that C.R. proceeded with the instant lawsuit and default was entered, Defendants immediately attempted to file an answer. (Mot. 5.) Although Defendants' explanation for failing to file a timely response is weak, the Ninth Circuit's approach to this factor is "forgiving, accepting even weak reasons if they reveal mere negligence and carelessness, [not] deviousness or willfulness." *Yagman v. Galipo*, No. CV 12-7908-GW (SHx), 2013 WL 1287409, at *11 (C.D. Cal. Mar. 25, 2013) (internal quotation marks omitted) (quoting *E & J Gallo Winery v. Cantine Rallo S.p.A*, 430 F. Supp. 2d 1064, 1088 (E.D. Cal. 2005)).

These facts do not indicate that Defendants' failure to file a timely response to the Complaint was intentional or meant to delay litigation. Given that Defendants were only eight days late in responding to the Complaint and, since realizing their mistake, have been hasty in attempting to participate in the litigation, the facts fail to show that Defendants acted with bad faith. *See TCI Grp.*, 244 F.3d at 697 ("Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' . . . ."). In light of the strong policy that a case should, whenever possible, be decided on the merits, *see Falk*, 739 F.2d at 463, the Court accepts Defendants' explanation as being made in good faith and declines to find Defendants' conduct culpable. Therefore, the Court finds that Defendants' culpability did not lead to the entry of default and this factor favors setting aside default.

Finally, as to the second *Falk* factor, although Defendants mention the meritorious defense factor, they omit any suggestion of what their purported meritorious defenses may be. Nevertheless, the *Falk* factors are disjunctive. *See Brandt* 653 F.3d at 1111–12. The Court finds the first and third *Falk* factors sufficiently favor setting aside entry of default that this factor does not upset the balance favoring relief.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Set Aside Default Judgment. (ECF No. 28.) Defendants shall file an Answer to C.R.'s Complaint within five court days of this order.

**IT IS SO ORDERED.**

July 26, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**