O

# United States District Court
# Central District of California

| | |
|---|---|
| C.R.,<br><br>              Plaintiff,<br><br>     v.<br><br>PLB MANAGEMENT LLC et al.,<br><br>              Defendants. | Case № 2:21-cv-03275-ODW (JEMx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [80]; AND**<br><br>**DENYING DEFENDANTS' EX PARTE APPLICATION TO CONTINUE AS MOOT [114]** |

## I.    INTRODUCTION

Plaintiff C.R., by and through his guardian ad litem Tracey Joffe, brings this action for disability discrimination in housing against Defendants PLB Management LLC, dba Park La Brea Management, LA Park La Brea A LLC, LA Park La Brea B LLC, LA Park La Brea C LLC, and Apartment Investment and Management Company ("Defendants"). (Compl., ECF No. 1.)  Defendants move for summary judgment. (Defs.' Mot. Summ. J. ("Motion" or "Mot."), ECF No. 80-1.)   For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

As it must on a motion for summary judgment, the Court sets forth the material facts, some of which are obviously disputed, and views all reasonable inferences to be drawn from them in the light most favorable to Plaintiff, the non-moving party. Courts generally derive the material facts from the moving party's Statement of Uncontroverted Facts ("SUF") and the opposing party's Statement of Genuine Disputes and Additional Material Facts ("SGD"). *See* C.D. Cal. L.R. 56-1, 56-2, 56-3. However, here, Defendants list only five facts as material and uncontroverted. (Defs.' SUF ("DSUF"), ECF No. 80-2.) Plaintiff similarly fails to include many of the material facts in his Statement, and the "facts" Plaintiff does include are mostly conclusions or opinions, rather than evidentiary facts, and often argumentative. (*See* Pl.'s SGD ("PSGD"), ECF No. 91-1.) In light of the parties' collective failure to identify material facts, the Court derives the following background from the Complaint, the Statements, and the parties' clearly cited evidence. The Court is not required to consider materials cited in, but not provided by, the parties with their moving or opposition papers. *See Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1417–18 (9th Cir. 1988) (providing that the inquiry is based on what is before the court with the summary judgment motion).

### A. Factual History

Plaintiff is Joffe's minor son and is disabled within the meaning of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and the California Disabled Persons Act ("DPA"), Cal. Civ. Code § 54 *et seq.* (*See* Compl. ¶¶ 36, 48.) Plaintiff alleges that his disability limits the distance he is able to safely ambulate and increases his sensitivity to loud noise. (*Id.* ¶ 8; PSGD 8–9; Defs.' Resp. PSGD 8–9 (disputing these facts in part, but not as to Plaintiff's disability), ECF No. 94-1.)

Defendant PLB Management LLC ("PLB") owns and operates the Park La Brea apartment complex ("Park La Brea"). (Compl. ¶ 10; *see* Decl. Eve Lauricella ISO Mot. ("Lauricella Decl.") ¶¶ 2, 6, ECF No. 80-5.) Defendants LA Park La Brea A

LLC, LA Park La Brea B LLC, LA Park La Brea C LLC, and Apartment Investment and Management Company do not own, lease, rent, manage, or otherwise control or have an interest in Park La Brea. (DSUF 2 (undisputed).)

In March 2014, Joffe and Plaintiff moved into a Park La Brea apartment located at the perimeter of the complex. (Compl. ¶ 10; *see* Lauricella Decl. Ex. D ("Park La Brea Map"), ECF No. 80-5.) In April 2018, PLB began a limited window upgrade project in the complex. (Decl. Sara Hartley ISO Mot. ("Hartley Decl.") ¶ 2, ECF No. 80-4.) The project involved providing interior block units with double-paned windows. (*Id.*) PLB never planned to upgrade the windows in perimeter block units, like Plaintiff's, as part of the project. (DSUF 1; PSGD 1 (disputing this fact in part, but not on this point).) In late November 2019, Plaintiff requested that PLB upgrade his unit's windows as part of the project, to reduce noise from nearby construction and as an accommodation for his disabilities. (Lauricella Decl. Ex. F ("Joffe 11/22/19 Email"), ECF No. 80-5.) PLB informed Plaintiff that his unit was not scheduled for the upgrade. (Lauricella Decl. Ex. G ("Firchau 11/22/19 Email"), ECF No. 80-5.)

Street parking in the complex is unassigned and available on a first-come, first-served basis to residents, guests, and vendors working at the property. (Lauricella Decl. ¶ 2.) Reserved parking throughout the complex is available to residents for a rental fee. (*Id.*) The parking space immediately in front of Plaintiff's unit is an unassigned street parking space ("Preferred Parking Space"). (*See* Compl. ¶ 22.) In mid-December 2019, Plaintiff requested that PLB assign the Preferred Parking Space to Plaintiff as a handicap accessible space, as an accommodation for his disabilities. (Lauricella Decl. Ex. N ("Joffe 12/17/19 Letter"), ECF No. 88-5.)[2] Defendants state that PLB offered Plaintiff two options: (1) free alternative reserved parking near his

---

[2] Plaintiff requested the Preferred Parking Space be assigned to him as a handicapped space. (*See* Joffe 12/17/19 Letter (requesting an "assigned handicapped parking space").) However, in this action, Plaintiff asks only that Defendants assign the Preferred Parking Space to him, not that they make it handicap accessible. (*See* Compl. ¶ 37; Opp'n 4, ECF No. 91 (requesting "that he be assigned a reserved parking space directly in front of his home.").)

unit, or (2) relocation to a new unit with upgraded windows and nearby reserved parking. (Mot. 1, 6; Lauricella Decl. ¶ 4; *but see* Lauricella Decl. Ex. L ("Yampolski 01/23/20 Email"), ECF No. 88-3 (offering an unspecified designated parking space for a rental fee or relocation to a new unit).) Plaintiff did not accept either option. (Mot. 6; *see* Opp'n 5.)

**B.    Procedural History**

On April 15, 2021, Plaintiff filed the Complaint in this action. (*See* Compl.) Plaintiff asserts three causes of action: (1) violation of the FHA, 42 U.S.C. § 3601 *et seq.*, (2) violation of the DPA, Cal. Civ. Code § 54.1 *et seq.*, and (3) negligence and negligence per se. (*Id.* ¶¶ 34–61.) On July 1, 2022, Defendants filed this motion for summary judgment. (*See* Mot.) The Motion is fully briefed. (Opp'n; Reply, ECF No. 93.) After the Court took the Motion under submission, the parties stipulated to an additional mediation, resulting in the stay of the case for several months. (*See* Stip., ECF No. 103; Order Staying Action, ECF No. 104.) Following an unsuccessful mediation, the Court lifted the stay and now considers Defendants' Motion. (Order Lifting Stay, ECF No. 106.)

### III.    LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986), and the court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or

speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. Gen. Tel. Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Anderson*, 477 U.S. at 255; *Addisu*, 198 F.3d at 1134.

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex*, 477 U.S. at 322–23; *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A "non-moving party must show that there are 'genuine factual issues that properly can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party*.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250). A court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, a party moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that sets out "the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1. A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. "[T]he Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

### IV. DISCUSSION

Defendants filed and served a redacted copy of the Motion on Plaintiff, but did not serve Plaintiff with a copy of the unredacted moving memorandum. (Opp'n 3; *see* Decl. Michael J. Chilleen ISO Defs.' Reply ¶ 2, ECF No. 94.) Accordingly, the Court considers only the redacted moving memorandum, filed at ECF No. 80-1, and does not consider the unredacted moving memorandum, filed at ECF No. 87. To be clear, the Court still considers relevant evidence that Defendants filed under seal in support of the moving memorandum, (*see* ECF Nos. 81, 88), because Plaintiff possessed or had access to this evidence independent of any failure by Defendants to serve it.

Defendants move for summary judgment arguing (1) all Defendants except PLB should be dismissed as improper parties; (2) Plaintiff's negligence and negligence per se cause of action fails as a matter of law; and (3) Plaintiff's FHA and DPA causes of action also fail as a matter of law. (*See* Mot. 8–21.) Plaintiff does not address Defendants' first and second arguments, and opposes the Motion only with respect to the FHA and DPA causes of action. (*See* Opp'n 5–11.)

**A. Unopposed Issues**

Defendants first argue that LA Park La Brea A LLC, LA Park La Brea B LLC, LA Park La Brea C LLC, and Apartment Investment and Management Company are not proper parties to this action and should be dismissed. (Mot. 8.) Defendants submit declaration evidence that these Defendants do not own, lease, rent, manage, or otherwise control or have an interest in Park La Brea. (Lauricella Decl. ¶ 6.) Plaintiff does not dispute this fact or oppose Defendants' Motion on this point. (DSUF 2 (undisputed); *see generally* Opp'n.) Plaintiff has thus abandoned the issue. *See Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (finding plaintiff abandoned claims by not raising them in opposition to motion for summary judgment). As Defendants meet their burden and Plaintiff does not oppose, the Court **GRANTS** Defendants' Motion on this issue and dismisses Defendants LA Park La

1  Brea A LLC, LA Park La Brea B LLC, LA Park La Brea C LLC, and Apartment
2  Investment and Management Company from this action.

3        Defendants next argue that Plaintiff's cause of action for negligence and
4  negligence per se fails as a matter of law because the duty to provide reasonable
5  accommodations is premised on statutory obligations and not common law theories of
6  negligence. (Mot. 8–9; *see* Compl. ¶¶ 54–61.) Defendants offer case authority that
7  supports their position. *See, e.g.*, *Rodriguez v. Morgan*, No. 2:09-cv-8939-GW
8  (CWx), 2012 WL 253867, *4 (C.D. Cal. Jan. 26, 2012) (finding "negligence cannot
9  constitute a separate cause action for a failure to provide [a] reasonable
10 accommodation" where "the failure to provide such [an] accommodation is actionable
11 under the statute itself," as it is in the FHA and DPA). Plaintiff does not oppose the
12 Motion on this issue, (*see generally* Opp'n), and thus abandons it as well, *see Jenkins*,
13 398 F.3d at 1095 n.4. Accordingly, the Court **GRANTS** Defendants' Motion as to
14 Plaintiff's cause of action for negligence and negligence per se.

15 **B.  FHA & DPA**

16       Defendants move for summary judgment on Plaintiff's causes of action under
17 the FHA and DPA, which are premised on Defendants denying Plaintiff reasonable
18 accommodations in the form of the requested window upgrade and Preferred Parking
19 Space. (*See* Mot. 9–21; Compl. ¶¶ 34–53.)

20       The FHA prohibits discrimination against disabled persons in the sales or rental
21 of dwellings. *Giebeler v. M&B Assocs.*, 343 F. 3d 1143, 1146 (9th Cir. 2003) (citing
22 42 U.S.C. § 3604(f)(1)). Prohibited discrimination includes a refusal to permit
23 "reasonable modifications of existing premises" at the expense of the tenant, "if such
24 modifications may be necessary to afford [the tenant] full enjoyment of the premises."
25 42 U.S.C. § 3604(f)(3)(A). It also includes "a refusal to make reasonable
26 accommodations in rules, policies, practices, or services, when such accommodations
27 may be necessary to afford [the tenant] equal opportunity to use and enjoy a
28 dwelling." *Giebeler*, 343 F.3d at 1146 (quoting 42 U.S.C. § 3604(f)(3)(B)). "[U]nder

subsection (B) landlords must pay for 'reasonable accommodations,'" but under subsection (A) a tenant bears the expense for "reasonable modifications." *Fagundes v. Charter Builders, Inc.*, No. C07-1111, 2008 WL 268977, at *5 (N.D. Cal. Jan. 29, 2008).

"The reasonable accommodation provision of the DPA is substantially similar to that of the FHA," and courts analyze it in the same fashion. *Ling v. City of Los Angeles*, No. 2:11-cv-07774-SVW (Ex), 2012 WL 12844757, at *4 n.7 (C.D. Cal. Nov. 14, 2012) (citing *Sabi v. Sterling*, 183 Cal. App. 4th 916, 943 (2010)); *see also Giebeler*, 343 F.3d at 1149; Cal. Civ. Code § 54.1(b)(3)(B). However, there is no comparable "reasonable modification" provision under the DPA, which instead "explicitly states that modifications of property are not required." *Sturm v. Davlyn Invs., Inc.*, No. 2:12-cv-07305 DMG (AGRx), 2013 WL 8604662, at *11 (C.D. Cal. Sept. 30, 2013) (citing Cal. Civ. Code § 54.1(b)(4)).

Here, Defendants argue Plaintiff's FHA and DPA claims fail because (1) the request for the window upgrade is for a modification, not accommodation, and it is undisputed that Plaintiff refuses to bear the expense; and (2) to the extent the request for the Preferred Parking Space is one for accommodation, Plaintiff cannot show it is necessary and reasonable because Defendants offered alternative reasonable accommodations. (Mot. 9–21.)

1. *Window Upgrade*

Defendants contend Plaintiff's request for upgraded windows is a request for reasonable *modification* under 42 U.S.C. § 3604(f)(3)(A), because it would require construction or repair as a structural change to the premises. (Mot. 11–14.) Plaintiff contends the request for upgraded windows is a request for reasonable *accommodation* under 42 U.S.C. § 3604(f)(3)(B), because she wants Defendants to change their project policy of upgrading windows only for units in interior blocks. (Opp'n 6–7.)

Under 42 U.S.C. § 3604(f)(3)(A), "reasonable modification" contemplates changes to the "existing premises occupied" by the disabled tenant. The Department of Housing and Urban Development's ("HUD")[3] implementing regulation defines "modifications" as "any change to a dwelling unit." 24 C.F.R. § 100.201. The regulation specific to "[r]easonable modifications of existing premises," 24 C.F.R. § 100.203(b), provides examples of "modifications," including the "installation of [grab] bars in the unit's bathroom and widening a door in the renter's unit." *Sturm*, 2013 WL 8604662, at *9 (discussing 24 C.F.R. § 100.203(c)). Courts in this district have thus found "modifications" under 42 U.S.C. § 3604(f)(3)(A) to include requests for repair or reconstruction. *See Sturm*, 2013 WL 8604662, at *9 (analyzing request for installation of ramps and handrails as request for modifications); *cf. Fagundes*, 2008 WL 268977, at *6 (finding "request for construction or repair is not actionable" as request for accommodation under 42 U.S.C. § 3604(f)(3)(B)).

In contrast, "reasonable accommodations" under 42 U.S.C. § 3604(f)(3)(B) contemplates changes to the "rules, policies, practices, or services" affecting a tenant's use and enjoyment of a dwelling. HUD's applicable implementing regulation, 24 C.F.R. § 100.204, titled "[r]easonable accommodations," provides examples of "accommodations," including relaxing a no-pet policy to permit a blind tenant's seeing-eye dog and amending a no-assignment parking policy to permit a parking assignment for a mobility impaired tenant. *See also Giebeler*, 343 F.3d at 1155 (finding request to change no-cosignor policy for prospective tenants to be request for reasonable accommodation).

The Court finds the request here, to provide upgraded windows in Plaintiff's unit, to be more like those examples of reasonable modifications found under 42 U.S.C. § 3604(f)(3)(A), 24 C.F.R. § 100.203(c), than the examples of reasonable accommodations under 42 U.S.C. § 3604(f)(3)(B), 24 C.F.R. § 100.204(b).

---

[3] HUD's construction of the FHA "is entitled to great weight." *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 210 (1972); *see also Bragdon v. Abbott*, 524 U.S. 624, 646 (1998) (stating the views of agencies charged with implementing a statute "are entitled to deference").

Upgrading the windows requires a physical change to the "existing premises occupied" by Plaintiff, not merely a change to a policy or rule. *See* 42 U.S.C. § 3604(f)(3)(A). Just as installation of ramps and handrails would improve a mobility-impaired tenant's use and enjoyment of a dwelling by providing mobility assistance, *see Sturm*, 2013 WL 8604662, at *9, so too would installation of upgraded windows improve Plaintiff's use and enjoyment of his dwelling by reducing the external noise that exacerbates his disability, (*see* Opp'n 3; Compl. ¶ 28).

As a request for a reasonable modification, under the FHA Plaintiff must bear the expense. *See* 42 U.S.C. § 3604(f)(3)(A) (providing for reasonable modifications at the expense of the handicapped person). Defendants argue it is undisputed that Plaintiff refuses to pay for the upgraded windows. (Mot. 4–5, 13; *see also* Joffe 12/17/19 Email; Lauricella Decl. Ex. K ("Joffe 01/22/20 Email"), ECF No. 88-4 (reaffirming Joffe's position that she should not have to pay for the window upgrade).) The Court agrees. No reasonable juror could view the record before the Court and conclude otherwise. Accordingly, Plaintiff's FHA claim based on the request for upgraded windows fails as a matter of law. Furthermore, Plaintiff's DPA claim based on the request for upgraded windows also fails, because the DPA explicitly states that modifications of property are not required. *See* Cal. Civ. Code § 54.1(b)(4). Accordingly, the Court grants the Motion as to the FHA and DPA claims to the extent they are premised on the request for upgraded windows.

    2. *Preferred Parking Space*

Defendants contend Plaintiff originally requested the Preferred Parking Space as an assigned handicapped parking space, which would require construction and thus is a request for a modification. (Mot. 14–15; Joffe 12/17/19 Letter.) Plaintiff clarifies that he seeks only to have the Preferred Parking Space reserved for his use, not to make it handicap-accessible. (Opp'n 8.) The parties agree that this request, to reserve the Preferred Parking Space for Plaintiff as is, is a request for a reasonable accommodation, as an exception to PLB's parking policy. (Mot. 16–21; Opp'n 7–11.)

To prevail on a claim under 42 U.S.C. § 3604(f)(3)(B), based on the failure to reasonably accommodate, among other things a plaintiff must show that the requested accommodation is necessary and reasonable. *Giebeler*, 343 F.3d at 1147. An accommodation is "necessary" where, "but for the accommodation, [the plaintiff] likely will be denied an equal opportunity to enjoy the housing of their choice." *Id.* at 1155. The accommodation must also be reasonable. *Id.* at 1156. The "reasonableness" determination is "highly fact-specific, requiring case-by-case determination." *United States v. Cal Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997).

Here, Defendants argue Plaintiff cannot prove that reservation of the Preferred Parking Space is necessary and reasonable to accommodate Plaintiff's disability because Defendants offered reasonable alternatives. (Mot. 16–21.) On this issue, Defendants' Motion fails before it ever approaches the merits.

First, Defendants' argument on this issue is substantially redacted. (*See* Mot. 16–21.) However, Defendants did not serve Plaintiff with a copy of the unredacted moving memorandum. (*See* Sealed Mot. Summ. J., ECF No. 87.) Notably, *both* parties have failed to comply with the Court's rules for sealing matters in this case. One such rule requires service on the opposing party of any application to file under seal, including the proposed redacted and unredacted materials. *See* C.D. Cal. L.R. 79-5.2.2, 79-5.3. It is undisputed here that Defendants did not serve Plaintiff with the unredacted moving memorandum at any point, either with the application to seal or with the moving papers. (*See* Opp'n 3, 9 n.2, 12; Reply 1 n.1.)

The Court agrees with Plaintiff that Plaintiff is prejudiced in not being able to fully respond to Defendants' arguments on this point. Despite Defendants' protestations that "Plaintiff never requested an unredacted copy," (Reply 1 n.1), it is not Plaintiff's duty to ask Defendants to serve its filings in this action, *see* Fed. R. Civ. P. 5(a)(1); C.D. Cal. L.R. 5-3.1, 79-5.3. That Defendants "would have" supplied the unredacted memorandum had Plaintiff asked does not in any way remedy Defendants'

failure to do so as required.  (*See* Reply 1 n.1.)  Therefore, because Plaintiff lacked sufficient notice of Defendants' moving arguments regarding the parking issue, the Court must deny the Motion on this issue.

Second, a party moving for summary judgment in this district must submit a Statement of Uncontroverted Facts setting forth the material facts as to which the moving party contends there is no genuine dispute.  Fed. R. Civ. P. 56; C.D. Cal. L.R. 56-1; (*see also* Scheduling & Case Management Order 6, 9, ECF No. 41 ("The parties are to comply precisely with Local Rule 56-1 through 56-4."; "All facts [in the memorandum] should be supported with citations to the paragraph number in the Separate Statement that supports the factual assertion.")).  The burden of establishing the absence of a genuine issue of material fact lies with the moving party.  *Celotex*, 477 U.S. at 322–23.  Here, however, Defendants do not include material facts in their SUF necessary to their parking argument.  (*See generally* DSUF.)  Defendants argue that Plaintiff cannot prove that the Preferred Parking Space is necessary and reasonable to accommodate Plaintiff because Defendants (1) offered two other comparable alternative parking spaces at no cost; and (2) offered relocation to a different apartment in the complex with upgraded windows and reserved parking.  (Mot. 16–17.)  However, the only facts Defendants provide in the SUF relevant to parking merely state measurements from Plaintiff's unit to different parking spaces.  (*See* DSUF 3–5; Lauricella Decl. ¶ 4.)  Defendants provide no facts to support their assertion that they offered two comparable reserved parking spaces at no cost, or reasonable relocation.

The Court will not comb the record to find reason to grant Defendants' Motion.  *See Carmen v. S.F. Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (discussing that counsel have an obligation to lay out their support clearly); *cf. Forsberg*, 840 F.2d at 1418 ("The district judge is not required to comb the record to find some reason to deny a motion for summary judgment.").  Nor will the Court do Defendants' work for them in an attempt to satisfy their burden as the moving party.  In any event, Plaintiff

has given the Court enough reason to doubt that Defendants offered the alternative parking spaces at no cost as Defendants represent. (*See* PSGD 18 (citing Decl. Eugene Feldman ISO Opp'n Exs. 1 ("Dep. Eve Lauricella"), 2 ("Dep. Ileana Firchau"), ECF Nos. 91-2, 91-3[4]).) The Court finds that Defendants fail to meet their burden as the moving party to establish that no genuine issue of material fact exists with respect to Plaintiff's FHA and DPA causes of action based on the request for the Preferred Parking Space. Accordingly, the Court denies the Motion on this issue for this reason as well.

In sum, on Plaintiff's FHA and DPA causes of action, the Court **GRANTS** partial summary judgment in favor of Defendants on the issue of Plaintiff's request for upgraded windows and **DENIES** summary judgment on the issue of Plaintiff's request for the Preferred Parking Space.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Summary Judgment. (ECF No. 80.) Specifically, the Court **GRANTS** Defendants' Motion and **DISMISSES** LA Park La Brea A LLC, LA Park La Brea B LLC, LA Park La Brea C LLC, and Apartment Investment and Management Company from this action. The Court also **GRANTS** Defendants' Motion on Plaintiff's cause of action for negligence and negligence per se, as well as Plaintiff's causes of action under the FHA and DPA to the extent they are premised on the request for upgraded windows. The Court **DENIES** Defendants' Motion on Plaintiff's causes of action under the FHA and DPA to the extent they are premised on the request for the Preferred Parking Space.

---

[4] The Court **DENIES** Defendants' objections to PSGD 18 and the underlying deposition testimony of Defendants' own witnesses. (Defs.' Evid. Objs. 6–7, ECF No. 95.) The Court may consider evidence raised in opposition to a motion for summary judgment if the evidence could be presented in an admissible form at trial. *See Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003).

In light of the above, the Court **DENIES AS MOOT** Defendants' ex parte application to continue trial and related dates pending a ruling on the Motion. (ECF No. 114.)

**IT IS SO ORDERED.**

February 22, 2023

_____
          **OTIS D. WRIGHT, II**
     **UNITED STATES DISTRICT JUDGE**